[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-11493
Non-Argument Calendar
_____

D.C. Docket No. 1:04-cr-20203-DMM-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JERRYLL ANTHONY FLINT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 7, 2021)

Before WILSON, ROSENBAUM, and TJOFLAT, Circuit Judges.

PER CURIAM:

Jerryll Flint, a federal prisoner, appeals the denial of his motion to modify his sentence for an offense involving crack and powder cocaine, arguing that the District Court erred in concluding that he was ineligible for relief under the First Step Act.  In light of recent precedent from this Court clarifying that the First Step Act covers a "multidrug conspiracy offense that includes *both* a crack-cocaine element *and* another drug-quantity element," *United States v. Taylor*, __ F.3d __, No. 19-12872, 2020 WL 7239632, at *3 (11th Cir. Dec. 9, 2020) (emphasis in original), we agree that the District Court may have erred in concluding that Flint was ineligible for relief.  But because the District Court's reasoning is not apparent from the text of its short order, we vacate the order and remand for further proceedings.

## I.

In 2004, Flint pled guilty to an indictment in the Southern District of Florida for conspiracy to possess with intent to distribute 5 kilograms or more of cocaine and 50 grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846.  Flint was subsequently sentenced to 262 months' imprisonment and 5 years' supervised release, and this Court affirmed his sentence and conviction in 2005.

On January 15, 2019, Flint filed a *pro se* motion to reduce his sentence under the recently passed First Step Act, which grants district courts the discretion

to reduce the sentences of crack-cocaine offenders in accordance with the amended penalties in the Fair Sentencing Act. *See* First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (First Step Act). In the motion, Flint argued that his conviction for 50 grams of crack cocaine was initially punishable by 10 years' imprisonment to life imprisonment, but the First Step Act lowered that range to 5 years' imprisonment to 40 years' imprisonment.

In response to Flint's motion, the Government argued that Flint was neither convicted of, nor sentenced for, a violation covered by § 404 of the First Step Act because he was convicted of conspiracy to possess with intent to distribute *both* 5 kilograms or more of powder cocaine *and* 50 grams or more of crack cocaine. The Government reasoned that, since the Fair Sentencing Act did not change any powder cocaine penalties, Flint's conviction was not a "covered offense" under the statute. The Government further contended that, regardless of whether Flint's conviction was covered, Flint's sentencing guideline range and base offense level would be unaffected.

Flint—this time through counsel—replied that he was eligible for relief under the First Step Act because he was convicted of a crime involving (at least in part) crack cocaine. Although he acknowledged that he was convicted of an offense that also involved powder cocaine, Flint asserted that the powder-cocaine portion of the offense did not categorically preclude him from relief under the First

3

Step Act. Flint further conceded that his guideline sentencing range was unaffected by the Fair Sentencing Act and the First Step Act, but he argued that his eligibility for relief was "not predicated on a change of guidelines or statutory range of imprisonment." He ultimately requested that the District Court impose a reduced sentence of 180 months.

On April 4, 2019, the District Court denied Flint's motion in a short order:

> THIS CAUSE comes before the Court pursuant to Defendant's Motion for Reduction of Sentence Pursuant to the First Step Act of 2018 (D.E. 891). The Court has considered the Defendant's motion, the Government's response (D.E. 891), the Federal Public Defender's reply (D.E. 892), the U.S. Probation's Analysis and further since the calculations of the Defendant's guideline range of 262 to 327 months do not change under the First Step Act, it is ORDERED AND ADJUDGED that Defendant's Motion for Reduction of Sentence Pursuant to the First Step Act of 2018 (D.E. 884) is hereby DENIED.

The Court offered no additional explanation for its conclusion. Flint now appeals.

## II.

We review *de novo* whether the District Court had the authority to reduce Flint's sentence under the First Step Act. *See Taylor*, __ F.3d __, 2020 WL 7239632, at *2.

## III.

Below, we first offer a brief overview of the First Step Act and our precedent. Then, we turn to Flint's offense.

4

A.

The Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (Fair Sentencing Act), amended 21 U.S.C. §§ 841(b)(1) and 960(b) in order to reduce the sentencing disparity between crack and powder cocaine. *See United States v. Jones*, 962 F.3d 1290, 1296–97 (11th Cir. 2020) (discussing the history of the statutory penalties for drug-trafficking offenses). Section 2 of the Fair Sentencing Act changed the quantity of crack cocaine necessary to trigger a 10-year mandatory minimum from 50 grams to 280 grams and the quantity necessary to trigger a 5-year mandatory minimum from 5 grams to 28 grams. *See* Fair Sentencing Act § 2(a)(1)–(2); *see also* 21 U.S.C. § 841(b)(1)(A)(iii), (B)(iii). At the time, these amendments were not made retroactive to defendants who were sentenced before the enactment of the Fair Sentencing Act. *See Jones*, 962 F.3d at 1297.

But in 2018, Congress enacted the First Step Act, which made retroactive the statutory penalties for covered offenses enacted under the Fair Sentencing Act. *See* First Step Act § 404. Essentially, the First Step Act "permits a district 'court that imposed a sentence for a covered offense' to 'impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed.'" *Jones*, 962 F.3d at 1297 (quoting First Step Act § 404(b)). Under the statute, a "covered offense" is defined as "a violation of a

5

Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . , that was committed before August 3, 2010." First Step Act § 404(a).

A flurry of recent cases from this Court has offered clarity on what does—and what does not—qualify as a covered offense under the First Step Act. In *Jones*, for example, we made clear that a defendant sentenced for a pre-2010 drug-trafficking conspiracy involving only *crack* cocaine has committed a "covered offense" if the crack-cocaine element of his offense triggered the statutory penalties in 21 U.S.C. § 841(b)(1)(A) or (B). *Jones*, 962 F.3d at 1301–02. The Court also stated that a drug-trafficking offense involving only *powder* cocaine would not be a covered offense. *See id.* at 1298, 1300. But *Jones* did not address one obvious issue: is a drug-trafficking offense involving both crack *and* powder cocaine covered by the First Step Act?

Only a few months after *Jones* was decided, *United States v. Taylor* resolved this issue. __ F.3d __, 2020 WL 7239632. In 2001, Taylor was indicted for one count of conspiracy to possess with intent to distribute at least 5 kilograms of powder cocaine and at least 50 grams of crack cocaine. *Id.* at *1. He pled guilty and was ultimately sentenced to 360 months' imprisonment. *Id.* at *2. In April 2019, Taylor filed a motion for resentencing under the First Step Act, but the District Court denied the motion, finding that Taylor's offense was not a "covered offense" because it

6

involved, in addition to crack cocaine, 5 kilograms or more of powder cocaine, which continued to trigger the mandatory minimum sentence of 10 years. *Id.* at *2.

On appeal, we vacated the District Court's order and held that "the First Step Act's definition of a 'covered offense' covers a multidrug conspiracy offense that includes *both* a crack-cocaine element *and* another drug-quantity element." *Id.* at *3, 5 (emphasis in original). In other words, after *Taylor*, defendants convicted of an offense involving both crack *and* powder cocaine are plainly eligible for—but are not necessarily entitled to—a sentence reduction under the First Step Act. *See id.*

### B.

With *Taylor*'s holding in mind, we turn to Flint's offense. Here, Flint pled guilty to a 2004 indictment for conspiracy to possess with intent to distribute 5 kilograms or more of powder cocaine and 50 grams or more of crack cocaine. After *Taylor*, it is clear that, despite the powder-cocaine element of his offense, Flint is eligible for relief under the First Step Act. *Id.* at *3. So, if the District Court recognized that Flint's offense was covered by the First Step Act, then it had the authority to reduce his sentence, but it was not required to do so. *Id.* at *5 ("[T]he fact that [the defendant] is *eligible* for a sentence reduction under the First Step Act does not mean that he is *entitled* to one." (emphasis in original)). In that case, the

7

District Court's determination would be reviewed only for abuse of discretion.[1] *Jones*, 962 F.3d at 1296. On the other hand, if the District Court denied Flint's motion based solely on the belief that he was not eligible for relief under the statute, then it erred. *See Taylor*, __ F.3d__, 2020 WL 7239632, at *5.

After reviewing the text of the order denying Flint's motion, *see* Op. at 4, we are unsure on precisely what ground the District Court intended to rule. The only substantive reason the Court gave for denying Flint's motion was that the "calculations of the Defendant's guideline range . . . do not change under the First Step Act." It is entirely possible that the District Court believed that Flint's eligibility for relief under the First Step Act hinged on whether his guideline range had shifted. If so, that would be error. In *Jones*, for example, we noted that the First Step Act does not bar a district court from reducing a sentence below the guideline range. *Jones*, 962 F.3d at 1305. Likewise, the District Court in *Taylor* believed that Taylor's eligibility for relief was tied to whether Taylor's guideline range changed, and we held that the District Court erred. *Taylor*, __ F.3d__, 2020 WL 7239632, at *2 ("The district court denied the motion, finding that Taylor's offense was not a 'covered offense' under the Act because it involved, in addition to crack cocaine, 5

---

[1] Flint argues that if the denial of his motion for a reduced sentence was based on a discretionary determination, then the District Court "violated Mr. Flint's Fifth Amendment due process right to be sentenced based on reliable information by relying on probation's memorandum without giving Mr. Flint notice of its contents or an opportunity to respond." Appellant's Br. at 15. For the reasons we explain below, *see* Op. at 8–9, we are vacating the District Court's order, and thus we need not reach Flint's due process argument.

kilograms or more of powder cocaine, 'which remains a sufficient quantity to trigger the mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A).'").

But it is equally possible that the District Court correctly understood that it could reduce Flint's sentence, and it was instead explaining its discretionary decision not to afford Flint relief under the First Step Act. Because we cannot tell which of these interpretations is correct based on the text of the order alone, we vacate the District Court's order and remand for further proceedings consistent with this opinion.

## IV.

For the foregoing reasons, we vacate the order denying Flint's motion for a reduced sentence and remand for further proceedings consistent with this opinion.

**VACATED AND REMANDED.**